# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

5,680,000 USDT TOKENS STORED WITHIN VIRTUAL CURRENCY ADDRESS 0x7f6Ed26BB1488D1b420E10D722ef8bDf7D845B31 THAT ARE IN THE CUSTODY OR CONTROL OF THE UNITED STATES MARSHALS SERVICE,

Defendants.

Civil Action No. 2:26-cv-00087

Honorable Judge J. Nicholas Ranjan

**CLAIMANT HUAJIE YU'S ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE**

Claimant Huajie Yu, by and through undersigned counsel, answers the Verified Complaint for Forfeiture filed by the United States as follows. Except as expressly admitted, Claimant denies each and every allegation in the Verified Complaint, including that the United States is entitled to forfeiture of any property in which Claimant has an ownership, possessory, or other legal interest.

## ANSWER TO SPECIFIC ALLEGATIONS

1. Claimant admits that the United States purports to bring this civil forfeiture action against 5,680,000 USDT tokens and alleges that the tokens are subject to forfeiture under the statutes cited in Paragraph 1. Claimant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 1, including the alleged actions of Tether, the United States Marshals Service, and the seizure warrant, and therefore denies them.

2. Paragraph 2 states legal conclusions regarding jurisdiction and venue to which no response is required. To the extent a response is required, Claimant denies that

jurisdiction or venue supports forfeiture of Claimant's property unless and until the United States satisfies all statutory and constitutional requirements.

**BACKGROUND**

3. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 3 and therefore denies them.
4. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 4 and therefore denies them.
5. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5 and therefore denies them.
6. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 6 and therefore denies them.
7. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7 and therefore denies them.
8. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8 and therefore denies them.
9. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9 and therefore denies them.
10. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10 and therefore denies them.
11. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 11 and therefore denies them.
12. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 12 and therefore denies them.

13. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13 and therefore denies them.

14. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 14 and therefore denies them.

15. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 15 and therefore denies them.

16. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 16 and therefore denies them.

17. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 17 and therefore denies them.

18. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18, including the chart contained therein, and therefore denies them.

19. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 19 and therefore denies them.

20. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20 and therefore denies them.

## TRACING VICTIM A.T.'S STOLEN FUNDS

21. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 21 and therefore denies them.

22. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22 and therefore denies them.

23. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23 and therefore denies them.

24. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24 and therefore denies them.
25. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 and therefore denies them.
26. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26 and therefore denies them.
27. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 27 and therefore denies them.
28. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28 and therefore denies them.
29. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29 and therefore denies them.
30. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30 and therefore denies them.
31. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31 and therefore denies them.
32. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32 and therefore denies them.
33. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33 and therefore denies them.

**IDENTIFICATION OF ADDITIONAL VICTIMS**

34. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34 and therefore denies them.

35. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35 and therefore denies them.

36. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36 and therefore denies them.

37. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37 and therefore denies them.

38. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38 and therefore denies them.

39. Claimant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 39 and therefore denies them.

40. Claimant denies the allegations in Paragraph 40, including that there is probable cause or any legally sufficient basis to forfeit property in which Claimant has an ownership, possessory, or other legal interest.

41. Claimant denies that the United States is entitled to the relief requested in the WHEREFORE clause of the Verified Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden not imposed by law, and while expressly reserving the right to amend, supplement, or withdraw defenses as discovery proceeds, Claimant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE - Failure to State a Claim

42. The Verified Complaint fails, in whole or in part, to state a claim upon which forfeiture may be granted against Claimant's property interest.

**SECOND AFFIRMATIVE DEFENSE - Lack of Forfeitability**

43. The Defendant Property, or the portion of the Defendant Property in which Claimant has an interest, is not subject to forfeiture because it is not proceeds of wire fraud, property involved in money laundering, or property traceable to any specified unlawful activity.

**THIRD AFFIRMATIVE DEFENSE - Innocent Owner**

44. Claimant is an innocent owner within the meaning of 18 U.S.C. § 983(d). Claimant did not know of, consent to, participate in, or willfully blind himself to any alleged unlawful conduct giving rise to the forfeiture allegations.

**FOURTH AFFIRMATIVE DEFENSE - Lack of Nexus**

45. The United States cannot establish the required nexus between Claimant's property interest and any alleged wire fraud, money laundering, or other unlawful activity.

**FIFTH AFFIRMATIVE DEFENSE - Bona Fide Ownership or Possessory Interest**

46. Claimant has a bona fide ownership, possessory, security, or other legal interest in the Defendant Property, or a portion thereof, and that interest is superior to any forfeiture interest asserted by the United States.

**SIXTH AFFIRMATIVE DEFENSE - Due Process**

47. Forfeiture would violate Claimant's right to due process under the Fifth Amendment to the United States Constitution to the extent the seizure, restraint, notice, tracing, or forfeiture proceedings deprived Claimant of property without constitutionally adequate process.

**SEVENTH AFFIRMATIVE DEFENSE - Excessive Fines Clause**

48. Forfeiture of Claimant's property interest would be grossly disproportional and would violate the Excessive Fines Clause of the Eighth Amendment.

**EIGHTH AFFIRMATIVE DEFENSE - Failure to Comply with CAFRA and Supplemental Rule G**

49. The United States must strictly comply with the Civil Asset Forfeiture Reform Act and Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. To the extent the United States failed to comply with any applicable notice, pleading, seizure, publication, service, or procedural requirement, forfeiture is barred.

**NINTH AFFIRMATIVE DEFENSE - Commingling and Tracing**

50. The United States cannot forfeit Claimant's property interest based on generalized allegations of commingling, association, percentage allocation, or address-level tracing without proving that Claimant's specific property interest is forfeitable by the applicable standard.

**TENTH AFFIRMATIVE DEFENSE - Legitimate Source of Funds**

51. Claimant's interest in the Defendant Property was derived from legitimate sources and was not obtained through fraud, money laundering, or other unlawful activity.

**ELEVENTH AFFIRMATIVE DEFENSE - Reservation of Rights**

52. Claimant reserves the right to assert additional defenses, counterclaims, objections, and claims for relief after investigation, discovery, and review of the Government's evidence.

**WHEREFORE**, Claimant Huajie Yu respectfully requests that the Court:

A. Deny the United States' request for forfeiture as to Claimant's property interest;

B. Dismiss the Verified Complaint, in whole or in part, as to Claimant's property interest;

C. Order the release and return of Claimant's property interest;

D. Award Claimant costs, attorneys' fees, and any other relief available under law, including 28 U.S.C. § 2465 where applicable; and

E. Grant such other and further relief as the Court deems just and proper.

Dated: June 25, 2026

Very truly yours,

/s/ Jiyuan Zhang
**Jiyuan Zhang, Esq. (JZ7401)**
**J. Zhang and Associates, P. C.**
3712 Prince Street, Ste 9C,
Flushing, NY 11354
contact@jzhanglaws.com
Telephone:718-701-5098

**Attorney for Claimant,**
***Huajie Yu***

**VERIFICATION**

I, Huajie Yu, hereby state that I am the Defendant in the above-captioned matter; that I have read the foregoing CLAIMANT HUAJIE YU'S ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE and know the contents thereof; and that the statements made therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: June 26, 2026

By: Huajie Yu

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies on June 26, 2026 that a true and correct copy of the foregoing **CLAIMANT HUAJIE YU'S ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE** was filed electronically with the Clerk of the Court and served on all counsel of record.

/s/ Jiyuan Zhang