**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>5,680,000 USDT TOKENS STORED WITHIN VIRTUAL CURRENCY ADDRESS 0x7f6Ed26BB1488D1b420 E10D722ef8bDf7D845B31 THAT ARE IN THE CUSTODY OR CONTROL OF THE UNITED STATES MARSHALS SERVICE,<br><br>Defendant,<br><br>HUAJIE YU,<br><br>Claimant. | ) | 2:26-cv-87 |

**<u>CASE MANAGEMENT ORDER</u>:**

**<u>Mandatory Alternative Dispute Resolution</u>**

1. The parties are to file an amended Stipulation Selecting ADR Process by **September 29, 2026**.

**<u>Discovery Schedule</u>**

2. Fact discovery shall be completed by **March 15, 2027**. Consistent with Judge Ranjan's Practices & Procedures, the parties shall treat this deadline as the final deadline, and shall not expect it to be continued, absent a truly extraordinary circumstance (illness, death, etc.). If any discovery remains outstanding by the deadline, then the requesting party will have been deemed to have forfeited the right to that discovery, and subsequent case deadlines will not be delayed due to outstanding discovery.

3. Pursuant to Local Civil Rule 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

(a) The producing party shall promptly notify all receiving parties of the inadvertent product of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

(b) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

(c) If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the Court for a resolution, but such motion must be made within the 30-day period.

4. The parties shall meet and confer regarding all discovery disputes. If a dispute is not resolved, then instead of filing a discovery motion, the parties shall contact Chambers. The Court will then either set up a conference or order the parties to e-mail a brief summary of the nature of the dispute, so that the Court can attempt to resolve the dispute without the need for motions practice. If a dispute remains unresolved at that point, the Court will issue a briefing schedule to decide the discovery dispute. In connection with those briefs, each interested party shall submit a carefully crafted proposed order along with its brief, which should include in it the precise relief requested and the amount of any attorneys' fees and costs to be awarded. If appropriate, the Court will decide the dispute by executing one of the party's proposed orders.

**Motions to Amend or Add New Parties**

5. Any consented-to amended pleadings or joinder of parties shall be filed no later than **December 14, 2026**. Lacking consent, any motion to amend pleadings or join parties shall be filed no later than **December 14, 2026**.

**Post-Discovery Status Conference**

6. Upon the completion of fact discovery, the Court shall hold a telephonic post-discovery status conference on **March 22, 2027 at 10:00 a.m.** The dial-in information is as follows: 412-547-0144, with an access code of 243060211#. The parties shall be prepared at that conference to discuss, among other things, the scheduling of summary-judgment motions, pre-trial deadlines, and trial.

DATED this 22nd day of September, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge